UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE W. CARLISLE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:05CV2416-DJS |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| ECONOMIC DEVELOPMENT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Pro se plaintiff George W. Carlisle, Jr. filed the instant complaint alleging that defendant Missouri Department of Economic Development unlawfully discriminated against him on the basis of his race (Black), his sex (male) and his age (over 40) when it failed to hire him. Plaintiff alleges in his complaint that "defendant selected less-qualified persons...who were under 40 years of age, who were not members of a minority race, and not male." Complaint [Doc. #3], ¶11, p.4. The action is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.* Now before the Court is defendant's motion for summary judgment.

This Court must grant summary judgment if, based upon the pleadings, admissions, depositions, and affidavits, there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.56(c); Celotex Corp.

v. Citrate, 477 U.S. 317, 322 (1986). The moving party must initially demonstrate the absence of an issue for trial. Id. at 323. Any doubt as to the existence of a material fact must be resolved in favor of the party opposing the motion. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Nevertheless, once a motion is properly made and supported, the nonmoving party may not rest upon the allegations in its pleadings but must instead set forth specific facts showing that there is a genuine issue of material fact for trial. Fed. R. Civ. P. 56(e).

Summary judgment must be granted to the movant if, after adequate time for discovery, the nonmoving party fails to produce any proof to establish an element essential to the party's case and upon which it bears the burden of proof at trial. Celotex Corp., 477 U.S. at 322-24. For "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. A party opposing summary judgment cannot resist a properly made motion by reference only to its pleadings. Id. at 324, 325. "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id. at 324.

**Facts Established by the Summary Judgment Record**

The following facts are established by defendant's evidence offered in support of summary judgment, and are not disputed by contrary evidence offered by plaintiff in opposition. The Court rejects plaintiff's arguments that defendant's factual allegations lack appropriate evidentiary support. Each of defendant's allegations is supported in a manner appropriate to summary judgment practice as provided in Fed.R.Civ.P. 56(c), such by plaintiff's own deposition testimony or the affidavit of a witness attesting to the necessary personal knowledge. Plaintiff's motion to strike will therefore be denied.

Plaintiff is a black male born November 6, 1946, and will be 60 years old on his upcoming birthday. Defendant Department of Economic Development ("the DED") is an agency of the State of Missouri. Plaintiff filed an administrative charge of discrimination against the DED with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission dated April 8, 2005. The charge alleged a discriminatory failure to hire. To specify the alleged causes of discrimination on the form, plaintiff checked boxes indicating claims of discrimination on the basis of "RACE" and "AGE," but left the box for "SEX" unchecked. The narrative description of plaintiff's claim on the charge also references discrimination on the basis of age and race, and makes no mention of sex discrimination.

The administrative charge lists four positions for which plaintiff was not hired: Workforce Development Supervisor I for Marion/Hannibal, Community and Economic Development Manager for Pettis County/Sedalia, Workforce Development Supervisor II for Jefferson County/Arnold, and Workforce Development Specialist I (Veteran) for Jefferson County/Arnold. Plaintiff's complaint does not identify the positions in question, but the summary judgment motion addresses the four hiring decisions listed in the administrative charge, and plaintiff in response identifies no other hiring decisions under challenge.

Plaintiff was one of 6 candidates interviewed for the Workforce Development Supervisor I position. The interview panel did not deem plaintiff's prior work experience, primarily in information technology, to be relevant experience for the position. Instead, the panel recommended Roy Swain, who had been employed by the DED as a Workforce Development Specialist I since August 2003 and was believed by the interview panel to be the most qualified individual. Mr. Swain is a white male whose birthday is January 9, 1949. At age 57, he is 26 months younger than plaintiff.

Only inside candidates already employed with the DED were interviewed for the position of Community and Economic Development Manager. At no time has plaintiff ever worked for the DED. The position was filled by Ms. Judy McQuitty, a white female born on April 24, 1945. Ms. McQuitty is 61, and 19 months' plaintiff's

senior. At the time of her selection for this position, Ms. McQuitty had been employed by the DED as a Workforce Development Specialist III since 2001.

Plaintiff was on a list of external candidates for the Workforce Development Supervisor II position. An internal candidate received a promotion to fill the position. Ms. Linda Parks, a white female, was employed with the DED as a Workforce Development Specialist I and had been with the department since 1999. Ms. Parks, born March 29, 1948, is 58, only 16 months plaintiff's junior.

Plaintiff was one of five candidates interviewed for the position of Workforce Development Specialist I (Veteran's Representative). Nicholas Gavura, a white male, was hired for the position. Gavura's birthrate is May 24, 1945. At age 61, he is 18 months older than plaintiff. Although Gavura, like plaintiff, was an outside candidate not previously employed with the DED, the interview panel concluded that Gavura was the individual most suited for the position, taking into account Gavura's work experience in recruitment and placement of doctors and information technology professionals. As the position requires, Gavura is an honorably discharged veteran of the armed services, having served in the United States Army.

Although plaintiff alleged in his complaint that defendant hired less-qualified persons under the age of 40, who were not members of a minority race and not male, plaintiff

admitted in his deposition that he did not know who was hired for any of the positions.

**Summary Judgment Analysis**

The summary judgment analysis is governed by the familiar McDonnell Douglas burden-shifting rubric. The Eighth Circuit has recently considered the analysis in a failure-to-hire context:

> A plaintiff establishes a prima facie case in a "failure to hire" case when he proves that (1) he is a member of a protected class; (2) he was qualified for the position for which the employer was accepting applications; (3) he was denied the position; and (4) the employer hired someone from outside the protected class.

Arraleh v. County of Ramsey, 461 F.3d 967, 975 (8th Cir. 2006), *citing* Kobrin v. Univ. of Minn., 34 F.3d 698, 702 (8th Cir. 1994).

> Once the plaintiff establishes his prima facie case, the employer may rebut the prima facie case by articulating one or more legitimate, nondiscriminatory reasons for its decision... This burden is not onerous, nor does the explanation need to be demonstrated by a preponderance of the evidence... If the employer presents a nondiscriminatory reason for its decision, the plaintiff is "left with 'the opportunity to demonstrate that the proffered reason is not the true reason for the employment decision.'" Wallace v. DTG Operations, Inc., 442 F.3d 1112, 1120 (8th Cir. 2006) (quoting Texas Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 255, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)).

Id. at 975-76 [internal citations omitted].

**Age Discrimination**

Plaintiff's complaint is brought solely under Title VII, but age discrimination is not actionable under Title VII. Title

VII prohibits discrimination in employment on the basis of race, color, religion, sex and national origin. 42 U.S.C. §2000e-2(a). Furthermore, even if the Court were able to consider the age claim as if made properly under a different applicable statute, plaintiff is unable to make out the prima facie case for age discrimination. None of the persons hired was under the age of 40, the youngest of the four is 57, and two are older than plaintiff.

**Sex Discrimination**

Plaintiff's sex discrimination claim is subject to summary judgment for his failure to exhaust the claim in his administrative charge. Plaintiff's MCHR/EEOC charge failed to allege discrimination on the basis of sex, instead referring only to age and race discrimination.

> Administrative remedies are exhausted by the timely filing of a charge and the receipt of a right-to-sue letter. See <u>Williams v. Little Rock Mun. Water Works</u>, 21 F.3d 218, 222 (8th Cir.1994). Nevertheless, the completion of that two-step process constitutes exhaustion only as to those allegations set forth in the EEOC charge and those claims that are reasonably related to such allegations. See <u>id</u>.

<u>Faibisch v. Univ. of Minn</u>., 304 F.3d 797, 803 (8th Cir. 2002). Furthermore, on the merits, plaintiff fails to make a prima facie case of sex discrimination where two of the persons hired were males like himself.

**Race Discrimination**

The Court assumes without deciding that plaintiff succeeds in making out a prima facie case of race discrimination as to the four hiring decisions. The Court next finds, however, that defendant has proffered a nondiscriminatory basis for each of the four decisions, thereby rebutting plaintiff's prima facie case. Defendant presents the affidavit of a member of the interview panel responsible for recommending a candidate to fill each position. The affidavits attest to the determination to recommend the person hired as the best suited for each position based on work experience, education and other qualifications. The burden thus returns to plaintiff to show that he has:

> sufficient admissible evidence from which a rational fact finder could find that [defendant's] proffered nondiscriminatory reasons are either untrue or were not the real reasons for the action, and that intentional discrimination was the real reason.

McCullough v. Real Foods, Inc., 140 F.3d 1123, 1127 (8th Cir. 1998), *citing* St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993); Ryther v. KARE 11, 108 F.3d 832, 838 n.5 (8th Cir.) (en banc), cert. denied, 117 S. Ct. 2510 (1997).

This plaintiff fails to do. Plaintiff merely argues that his qualifications are superior to those of the persons hired for each of the four positions. The Eighth Circuit has noted in similar circumstances that it is the employer's role to "[i]dentify

8

[] those strengths that constitute the best qualified applicant." Duffy v. Wolle, 123 F.3d 1026, 2037-38 (8th Cir. 1997). Discrimination claims do not require or authorize the federal courts to engage in examination of the wisdom of an employer's judgment in personnel matters. See, e.g., McLaughlin v. Esselte Pendaflex Corp., 50 F.3d 507, 512 (8th Cir. 1995); Smith v. Monsanto Chemical Co., 770 F.2d 719, 723 n.3 (8th Cir. 1985). Plaintiff fails to demonstrate that the qualifications of the persons hired were so inferior to his as to raise or support an inference that their selection was motivated by race. Arraleh, 461 F.3d 967 at 976. Defendant is therefore entitled to summary judgment on plaintiff's race discrimination claim.

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike [Doc. #15] is denied.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment [Doc. #14] is granted.

Dated this     25th     day of October, 2006.

　　　　　　　　　　　　　　　　/s/Donald J. Stohr
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE